IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

|  |  |  |
|---|---|---|
| **THE UNITED STATES OF AMERICA** | * | Crim. No. JFM-92-0402 |
|  | * |  |
| v. | * | Civil No. |
|  | * |  |
| **JONATHAN WAYNE HADRICK** | * |  |

* * * * *

**EMERGENCY CONSENT MOTION TO CORRECT
SENTENCE UNDER 28 U.S.C. § 2241**

**INTRODUCTION**

Petitioner, Jonathan Wayne Hadrick, through undersigned counsel, James Wyda, Federal Public Defender, and Paresh S. Patel, Appellate Attorney, respectfully moves this Court to set aside the judgment in this case and correct his sentence pursuant to 28 U.S.C. § 2241. The government, through Assistant United States Attorney, Debra Lynn Dwyer, consents to this motion.

On June 9, 1993, Mr. Hadrick was found guilty of two counts of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). On October 1, 1993, this Court sentenced Mr. Hadrick to a concurrent term of 262 months imprisonment on the first count and 260 months imprisonment on the second count after finding that Mr. Hadrick was an armed career criminal under the Armed Career Criminal Act (ACCA) (18 U.S.C. § 924(e)). The Court found Mr. Hadrick to be an armed career criminal after adopting the finding of the presentence report that he had at least three qualifying prior convictions that supported the ACCA. Specifically, the Court found that Mr. Hadrick had 5 Maryland breaking and entering of a dwelling convictions and one Maryland robbery conviction that qualified as "violent felonies" under the ACCA.

However, in light of the Supreme Court's recent decision in *Descamps v. United States*, 133 S. Ct. 2276 (2013), and the Fourth Circuit's subsequent decisions in *United States v. Henriquez*, __F.3d __, 2014 WL 2900935 (4th Cir. 2014), and *United States v. Martin*, 753 F.3d 485 (4th Cir. 2014), Mr. Hadrick is no longer an armed career criminal because Mr. Hadrick's breaking and entering convictions no longer qualify as "violent felonies." Thus, Mr. Hadrick does not have the three necessary predicate convictions (either "violent felonies" or " serious drug offenses") to qualify him as an armed career criminal. As a result, Mr. Hadrick's currently imposed concurrent sentence of 262 and 260 months is in excess of the statutory maximum penalty of 120 months for his offenses of conviction, violates the laws of the United States, and results in a fundamental miscarriage of justice. Further, such sentence violates due process.

The parties agree that Mr. Hadrick is entitled to relief under 28 U.S.C. § 2241 because he is in "custody in violation of the Constitution or laws or treaties of the United States," and 28 U.S.C. § 2255 is an inadequate and ineffective means of challenging his detention.

Finally, the parties agree that Mr. Hadrick should be sentenced **to time served plus two weeks incarceration** for release planning because Mr. Hadrick has been incarcerated far beyond his non-ACCA guideline of 100 to 125 months imprisonment (offense level 24, criminal history category of VI).

WHEREFORE, Mr. Hadrick respectfully requests that this Court immediately grant his § 2241 motion and impose a sentence of time served plus two weeks on both counts of conviction. The government, through Assistant United States Atorney, Debra Lynn Dwyer, consents to this request. Attached is a proposed Order.

Respectfully submitted,

JAMES WYDA

Federal Public Defender

_____/s/_____
PARESH .S PATEL,
Appellate Attorney
6411 Ivy Lane, Ste. 710
Greenbelt, Maryland
(301) 344-0600

CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that on this 27th day of July 2014 a copy of the foregoing Emergency Consent Motion to Correct Sentence Under 28 U.S.C. §2241 was delivered via electronic filing to Debra Lynn Dwyer, Assistant United States Attorney, United States Attorney's Office, Baltimore, Maryland.

                                 _____/s/_____
                                 PARESH S. PATEL
                                 Appellate Attorney